# 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## DILLARD & ALS. V. TURNER'S ADM'R.

### April 16th, 1891.

PRACTICE AT COMMON LAW—*Misjoinder of parties—Case at bar.*—Action against seven. Summons returned executed as to four, and "No inhabitants" as to two, and as to the other, "I understand he is dead" At rules the six plead in abatement for misjoinder of surviving with dead obligor, and clerk abated action as to those returned "No inhabitants," and the "dead" one. The court, however, rejected the plea and entered judgment against the four who had been summoned: *held,* no error. Code 1887, § 3396.

Error to judgment of circuit court of Amherst county rendered April 12th, 1889, in an action of debt wherein Lemuel Turner's administrator was plaintiff, and Wm. Dillard, J. T. Dillard and five others were defendants. Judgment being adverse to Wm. Dillard and three other defendants, they appealed. Opinion states the case.

*W. W. Larkin,* for the plaintiff in error.

*Fitzpatrick & Gordon,* for the defendant in error.

HINTON, J., delivered the opinion of the court.

On the first day of March, 1889, T. P. Fitzpatrick, administrator, *d. b. n. c. t. a.,* of Lemuel Turner (dec'd), sued out of the clerk's office of the circuit court of Amherst county a ·sum-

mons in debt against Wm. Dillard, J. T. Dillard, W. W. Larkin, S. D. Larkin (wife of said W. W. Larkin), H. J. Bass, M. D. Bass and M. E. Dillard; which summons was returnable to the second March rules the next ensuing.

This summons was returned executed as to J. T. Dillard, W. W. Larkin, S. D. Larkin and Wm. Dillard. The return was "no inhabitants" as to A. J. Bass and M. D. Bass, and as to M. E. Dillard the return was "I understand (he) is dead."

At the said second March rules the defendants, other than M. E. Dillard, appeared and filed their plea in abatement for a misjoinder in suing the surviving living obligors jointly with a dead obligor.

At the same rules the clerk, although the said H. J. Bass and M. D. Bass had appeared and filed their said plea, abated the action as to them and as to the dead defendant.

The action coming up for trial at the ensuing term of the court, the plea in abatement was rejected by the court and judgment was entered up against the defendants, Wm. Dillard, J. T. Dillard, W. W. Larkin and S. D. Larkin. Whereupon they obtained from one of the judges of this court this writ of error.

In this action of the court we think there was no error. Section 3396 of the Code 1887 provides in terms that where, "in any action against two or more defendants, the process is served on part of them, *the plaintiff may proceed to judgment as to any so served,* and either discontinue it as to the others, or from time to time, as the process is served as to such others, proceed to judgment as to them until judgments be obtained against all." Here the court has only proceeded to judgment against those who have been served with process, and this it was authorized to do by the express terms of the statute.

As this view of the statute must control the case, we deem it unnecessary to discuss the other assignments of error, which are immaterial. It should be added, however, that there is nothing in the record to show that M. E. Dillard was dead at

the time the writ was sued out. *Non constat*, for aught that appears in the record, that he may not have died between the March 1st, when the writ issued, and the third Monday in March, to which rules it was returnable.

The judgment appealed from is affirmed.

JUDGMENT AFFIRMED.